### EVERETT v HARTZELL BROS CO et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 21, 1938

S. S. Davidson, Youngstown, and W. L. Countryman, Youngstown, for plaintiff-appellant.

Wm. E. Lewis, Youngstown, and Manchester, Ford, Bennett & Powers, Youngstown, for defendants-appellees.

### OPINION

By BENNETT, J.

This is an action for personal injuries alleged to have been suffered by the plaintiff in a fall in front of the store owned by the Hartzell Bros. Company, on West Federal Street, Youngstown. The plaintiff alleges in her amended petition that there was an open tiled area way on the Hartzell premises on which they kept a rubber mat, that this rubber mat extended some three inches beyond Hartzell's property line onto the sidewalk and that at this very spot was a depressed area in the sidewalk so that there was left an open space between the surface of the sidewalk and the bottom of the rubber mat "which condition produced and caused in said street, and said area way, a hazardous and dangerous condition and constituted a nuisance in said public street."

The city had demurred to the petition originally filed on the ground of misjoinder of parties defendant and this demurrer had been sustained.

When the plaintiff filed her amended petition the city moved to strike the petition from the files on the ground that it failed to comply with the former order of the court. The court, on request of the plaintiff, treated this motion as a demurrer, found that there was a misjoinder, and sustained the demurrer. The journal entry concludes, "And the plaintiff not choosing to plead further as against the defendant, the City of Youngstown, judgment is therefore rendered in favor of said city."

The plaintiff thereupon appealed said judgment against her to this court.

As we have understood counsel for the plaintiff, their contentions are that they have limited the amended petition to a single specification of negligence or a single ground of liability, viz., the **failure** to remove the nuisance from the street. They argue that no act of commission is relied on, that it is simply a failure common to both defendants to remove a dangerous condition caused by the existence of the combination of the depression and the overlapping rubber mat, that this duty to remove this nuisance is common to both defendants, and that they are therefore properly joined in this action. They contend that, as thus limited to the common "omission" the petition may properly join these two defendants under the doctrine laid down in the syllabus and the opinion of the case of **Girard v Smrek, 52 Oh Ap 135**, decided by this court in 1935.

We will not attempt to decide this question which the plaintiff says is raised by the petition nor to decide whether the doctrine of Girard v Smrek is limited to cases where contractual relations exist between the defendants for the reason that, in our opinion, the plaintiff's amended petition as written is not as limited as is claimed in this argument.

The petition says:

"Plaintiff further says that the accident to and the injuries suffered and sustained by her were directly and proximately caused by the joint and concurrent **illegal acts** and the negligence of the defendants herein, as hereinbefore alleged".

What were the "illegal acts hereinbefore alleged?" Two prior paragraphs in the petition read as follows:

"Plaintiff says that on the day of the occurrences herein complained of, and for many months prior thereto, the defendant, the Hartzell Brothers Company, **had placed** and kept a large rubber mat upon its tiled area way which mat covered the same from the westerly to the east side thereof and extended to the southerly edge of the sidewalk, and beyond the same, overlapping said walk about three inches. This mat was about ¾ inches in thickness and 3 to 4 feet in width.

"Plaintiff says that said sidewalk, along its southerly edge and extending to the northerly line of said Hartzell property for a length of 6 or 8 feet was broken and depressed to a depth of about two inches below the general sidewalk level and the level of the tiled area way aforementioned. That it was in this condition on November 2, 1936, and had been so for several years prior thereto. Said rubber mat aforementioned extended over this broken and depressed portion of said sidewalk about three inches, as aforesaid, thereby leaving an open space between the surface of said walk and the bottom of said mat, which condition **produced and caused** in said street, and said area way, a hazardous and dangerous condition and constituted a nuisance in said public street. Plaintiff says that said defendants did thus permit the said street to become, be and remain in an unsafe, dangerous and hazardous condition and should, in the exercise of ordinary care, have abated this nuisance thus created and permitted to exist, but failed and neglected so to do. Plaintiff says that said defendants knew or in the exercise of ordinary care could have known thereof."

It seems clear to us that there is here adequately pleaded an allegation, sufficient to predicate thereon, that the Hartzell Company had put the mat over three inches of the sidewalk and thereby **created** a dangerous condition and a nuisance.

The creation of the nuisance and the placing of the mat on the sidewalk was not "joint" with the city and the city may properly complain about being joined as a defendant in a cause of action based on such an allegation. If the question were to come up during trial as to whether the **placing** of the mat could be used as a ground of liability of Hartzell Bros. under the allegations of this petition, we can see only one possible ruling, viz., that it had been adequately alleged.

We accordingly believe that there was a misjoinder and that the judgment below should be affirmed.

NICHOLS, PJ, and CARTER, J, concur.